TROUTMAN AMIN, LLP
Eric J. Troutman (CA State Bar # 229263)
Brittany A. Andres (CA State Bar # 340856)
Oliver R. Shapiro (CA State Bar # 323624)
troutman@troutmanamin.com
brittany@troutmanamin.com
oliver@troutmanamin.com
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689

Attorney for Defendant
Quell Pest Control, LLC

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| DANIEL BIRD, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>QUELL PEST CONTROL, LLC,<br><br>Defendant. | Case No. 2:26-cv-02459-PHX-SMB<br><br>**DEFENDANT QUELL PEST CONTROL, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

## I.    INTRODUCTION

Defendant Quell Pest Control, LLC ("Quell") respectfully requests the Court dismiss Plaintiff Daniel Bird's ("Plaintiff") Complaint ("Compl.") for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA") based on alleged receipt of text messages from Quell on his cellphone. *See* Compl.") ¶¶ 19-23. He claims the text messages were "calls" and therefore violate the

1

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TCPA. Applying the correct analysis, however, the Court will find that text messages are *not* "calls" and thus *cannot* violate 47 U.S.C. § 227(c).

As such, the Court should dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his "telephone number 480-304-XXXX is on the National Do Not Call Registry and has been registered continuously since 2008." Compl. ¶ 17. Despite this, Plaintiff alleges Quell "received multiple telemarketing text messages from the Defendant in 2026" without his consent. *Id.,* ¶¶ 19-23. Notably, Plaintiff does not allege receiving any calls from Quell.

For the reasons set forth below, these facts are not sufficient to state a viable claim under Section 227(c) of the TCPA.

## III.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) *Freels v. Arizona City Sanitary*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

*Dist.*, No. 2:14-CV-00271 JWS, 2014 WL 1878519, at *1 (D. Ariz. May 12, 2014) (same).

On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true …allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In other words, the complaint must contain "more than 'an unadorned, the- defendant-unlawfully-harmed-me accusation'" to suffice. *Id*. (quoting *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret* Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."); *Freels*, 2014 WL 1878519, at *1 (same).

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Brandt v. Ocwen Loan Servicing, LLC*, No. 117CV00643DADEPG, 2017 WL 5878581, at *5 (E.D. Cal. Nov. 29, 2017) citing *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983); *Freels*, 2014 WL 1878519, at *1 ("Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims."); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (same). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Hameen v. Dollar Tree Stores Inc.*, No. CV-22-00751-PHX-JJT, 2022 WL 17416768, at *2 (D. Ariz. Dec. 5, 2022) ("a dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory."). Therefore, a plaintiff is required to allege "*enough facts* to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570 (emphasis added). A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes,* 181 F.R.D. 629, 634 (S.D. Cal.1998).

### IV.     ARGUMENT—PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE SECTION 227(c) DOES NOT REGULATE TEXT MESSAGES

The Supreme Court has clarified that there is no "absolute-deference rule" to rulemaking by the Federal Communications Commission ("FCC"). *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025). It is effectively the opposite, as a "District Court should interpret the [TCPA] as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id*.; *see also United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015) (explaining that courts must "interpret statutory terms in accordance with their ordinary meaning"); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

As such, the Court must independently determine whether Section 227(c) of the TCPA restricts text messages. *McLaughlin*, 606 U.S. at 168. It cannot defer to the FCC's interpretations of the TCPA—whose rulemaking has recently been directly overturned as overbroad. *See Ins. Mktg. Coal. Ltd. v. Fed. Commc'ns Comm'n*, 127 F.4th 303, 314–17 (11th Cir. 2025) (holding that the FCC exceeded its statutory authority by creating heightened consent standards compared to the statutory text).

In conducting an independent analysis of the legislative history and letter of the statute, the Court will clearly see that Section 227(c) does not regulate text messages.

**A.      The TCPA Does Not (And Could Not Have Been Enacted to) Regulate Text Messages.**

Plaintiff's claim must be dismissed because it is based on a legal theory that is foreclosed by the plain text of the TCPA. In order to assert a claim under the TCPA, a plaintiff must allege receipt of more than one "telephone solicitation" within any twelve-month period. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c). The TCPA defines "telephone solicitation" to mean "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(15).

47 U.S.C. § 227(c)(5) expressly creates a private right of action for "[a] person who has received *more than one telephone **call***." 47 U.S.C. § 227(c)(5) (emphasis added). The statute does not mention text messages. *Id*. While courts have historically been required to rely on FCC interpretations and attempts to expand the TCPA, the Supreme Court's recent

decision in *McLaughlin* frees the courts (and requires them) to interpret the TCPA as Congress intended. *McLaughlin*, 606 U.S. at 156. As such, this Court is no longer bound by agency deference and must "independently determine for itself whether the agency's interpretation of a statute is correct" using "ordinary principles of statutory interpretation." *Id*. Thus, "[c]ourts must interpret every statute 'in accord with the ordinary public meaning of its terms at the time of its enactment.'" *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272 (N.D. Fla. 2025) (quoting *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654 (2020)).

The ordinary meaning of "telephone call" in 1991, when the TCPA was enacted, unambiguously referred to a voice-to-voice communication. We all remember this, as text messaging technology did not yet exist. The TCPA was enacted on December 20, 1991; while the first text message was not sent until nearly a year later. *Compare* 47 U.S.C. § 227 (originally enacted on December 20, 1991), *with First SMS Text Message Is Sent, History* (Oct. 4, 2022), https://www.history.com/this-day-in-history/December-3/first-sms-text-message-sent ("On December 3, 1992, the first SMS text message in history is sent…."). Congress, therefore, could not possibly have intended the term "telephone call" to encompass a technology that was not yet in use.

Even putting historical usage aside, as the *Davis* court explained, the ordinary meaning and usage of the term "telephone call" simply does not encompass text messages:

No normal person refers to a text message, or thinks of a text message, as a "call." No ordinary user of the English language would write the sentence "John called Sue" intending to mean "John sent a text message to Sue," nor

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

would any ordinary reader interpret the sentence in that manner. Certainly, no ordinary person would think of a text message as a "telephone call." This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case."

*Davis*, 797 F. Supp. 3d at 1273 (citation modified).

Both the historical and ordinary meaning interpretations of Section 227(c) are reinforced by the canons of statutory construction. The TCPA's definition of "telephone solicitation" in 47 U.S.C. § 227(a)(4) refers to the initiation of a "telephone call or message." 47 U.S.C. § 227(a)(4) (emphasis added). Yet, in the private right of action provision at issue here, 47 U.S.C. § 227(c)(5), Congress deliberately chose to provide a remedy only for the receipt of more than one "telephone call." *Id*. (emphasis added). As the *Davis* court explained, courts must "presume that, when a statute uses one term in one place and a distinct term elsewhere, the difference matters—that is, the distinct words have different meanings." *Davis*, 797 F. Supp. 3d at 1274 (quoting *Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.,* 143 F.4th 1331, 1344 (11th Cir. 2025)); *cf. Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 859 (11th Cir. 2000) ("[W]hen Congress uses different language in similar sections, it intends different meanings.")). Congress's choice to omit the words "or message" from the private right of action was a deliberate one that forecloses Plaintiff's claim.

Amendments to the TCPA further support the conclusion that text messages are not "calls" under Section 227(c). Congress amended 47 U.S.C. § 227(e) of the TCPA, which requires the usage of caller identification, from "a call made using a telecommunications

7

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

service or IP-enabled voice service" to "a call made using a voice service or a ***text message*** using a ***text messaging service***." 47 U.S.C. § 227(e) (emphasis added). The fact that Congress amended one provision of the TCPA to include text messages but did not similarly amend Section 227(c) demonstrates that Congress views a text message as a distinct form of communication to a "call" (which it is). *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359 (9th Cir. 2017) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (quoting *Kucana v. Holder*, 558 U.S. 233, 249 (2010)). That choice matters. Courts must presume that Congress means what it says and says what it means. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) ("[w]here the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said."); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

In the wake of *McLaughlin*, multiple courts have applied the statute's plain text and structure to dismiss Section 227(c) claims based on text messages. *See Davis*, 797 F. Supp. 3d at 1275 (holding that "telephone call" cannot include texts); *Jones v. Blackstone Med. Servs., LLC,* 792 F. Supp. 3d 894, 900-901 (C.D. Ill. 2025) (rejecting reliance on FCC's § 227(b) rulemaking in the § 227(c) context); *Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) ("The

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'"); *Radvansky v. 1-800-Flowers.com, Inc.,* No. 1:25-CV-2811-TWT, 2026 WL 456919, at *4-5 (N.D. Ga. Feb. 17, 2026) (holding that "telephone call" cannot include texts); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) (hereinafter, *Kendo Holdings, Inc.*) ("the Court finds that text messages do not fall within the term "telephone call" under Section 227(c)(5)"); *Stockdale v. Skymount Prop. Grp., LLC, et al.,* No. 1:25 CV 1282, 2026 WL 591842, at * 3-4 (N.D. Ohio Mar. 3, 2026) ("Under these definitions, "telephone call" could not include modern-day text messages"); *Richards v. Fashion Nova*, *LLC,* No. 1:25-cv-01145-TWP-MKK, 2026 WL 847568, at *5 (S.D. Ind. March 26, 2026) (hereinafter, *Fashion Nova, LLC*) ("'telephone call' under § 227(c)(5) of the TCPA does not include text messages"); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-JMS-TAB, 2026 WL 847584, at *5 (S.D. Ind. Mar. 26, 2026) (same); *James v. Smarter Contact, Inc.*, No. 8:25-CV-1657-KKM-SPF, 2026 WL 879244, at *5 (M.D. Fla. Mar. 31, 2026) ("Section 227(c)(5) does not apply to text messages"); *Lopresti v. Nouveau Essentials Mktg. LLC*, No. 5:25-CV-00282-CEM-PRL, 2026 WL 964758, at *4 (M.D. Fla. Feb. 26, 2026) ("the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages."); *Irvin v. Sonic Indus. Servs., LLC*, No. 3:25-CV-00242-LMM, 2026 WL 1098403, at *5 (N.D. Ga. Apr. 20, 2026) ("Section 227(c)(5)'s private right of action is limited to "telephone call[s]," a term the Court finds does not encompass text messages.").

In *Davis*, the Northern District of Florida squarely rejected a Section 227(c) claim based on text messages. *Davis*, 797 F. Supp. 3d at 1275. The court explained that cases

9

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

treating texts as "calls" arose under 47 U.S.C. § 227(b), which broadly prohibits "any call," not the narrower "telephone call" in Section 227(c). *Id*. at 1273.[1] The Davis court found that no precedent or logic supports treating a text as a "telephone call" under § 227(c)(5). *Id*.

Additionally, in *Jones*, the court dismissed Section 227(c) claims based on text messages after performing an analysis of TCPA's statutory text and using the FCC's rulemaking history as evidence. *Jones*, 792 F. Supp. 3d at 900–01. The *Jones* court found that the FCC's at-issue order, which interpreted "calls" to include text messages, did so by explicitly referencing its authority under 47 U.S.C. § 227(b) of the TCPA. *Id*. The court correctly reasoned that the FCC's interpretation under 47 U.S.C. § 227(b) (regulating the use of an automatic telephone dialing system) does not apply to the Do-Not-Call provisions of Section 227(c). *Id*. Particularly persuasive is the court's observation that, "[i]n the business of statutory interpretation, if [an interpretation] is not the best, it is not permissible," and that courts may not "legislate by reading into the TCPA something that is not there." *Id*., at 901. Thus, even the FCC's own reasoning does not support a cause of action for text messages in (purported) violation of Section 227(c).

More recent authority has reinforced the same reasoning. In *Radvansky*, the court rejected several contrary district court decisions and explained those court's reasoning were "inherently flawed," including decisions relying on modern dictionary definitions, or

---

[1] It also explained that Supreme Court never decided the issue; in *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 (2021), the Court merely assumed for purposes of 47 U.S.C. § 227(b) that texts could qualify as calls—an assumption with no force in the Section 227(c) context. *Id*. Indeed, the Supreme Court at that point still upheld the standard of deference to FCC Rulemaking.

collapsing distinct statutory language in violation of the meaningful-variation canon. *Radvansky*, 2026 WL 456919, at *4. The court instead adhered to ordinary textual analysis and held that "telephone call" in § 227(c)(5) does not include text messages. *Id*.

Here, Plaintiff's entire Complaint is predicated on his receipt of text messages in violation of Section 227(c). Compl. ¶¶ 19-23. He does not assert a violation of any other provision of the TCPA. Thus, if text messages are not actionable under Section 227(c), Plaintiff cannot state a claim. As a result, based on the statute's plain text and established canons of statutory construction, all of Plaintiff's causes of action fail to state claims and must be dismissed. *See Jones*, 792 F. Supp. 3d at 901–02 ("The Court finds that the Plaintiffs have failed to state claims for violations of Section 227(c) of the TCPA, 47 C.F.R. § 64.1200(c)…given that allegedly 'violative text messages' stand 'at the core of Plaintiffs' factual allegations'"); *Davis*, 797 F. Supp. 3d at 1275; *Sayed*, 2025 WL 2997759, at *2, *Radvansky*, 2026 WL 456919, at *4-5; *Kendo Holdings, Inc.*, 2026 WL 810929, at *3; *Stockdale*, 2026 WL 591842, at * 3-4; *Fashion Nova, LLC*, 2026 WL 847568 at *5; *Richards*, 2026 WL 847584 at *5; *James*, 2026 WL 879244 at *5; *Lopresti*, 2026 WL 964758, at *4; *Irvin*, 2026 WL 1098403, at *5.

**B.      Other Courts That Have Held That Text Messages Are "Calls" Err by Deferring to the FCC's Interpretation of the TCPA**

Courts are ***not permitted*** to defer to the FCC's guidance on the TCPA and must independently read and assess the letter of the statute. *McLaughlin*, 606 U.S. at 168. To follow the Supreme Court's ruling, district courts cannot defer to previous rulings that were required to defer to the FCC's rulemaking. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

Cir. 2003) (holding that Ninth Circuit cases are "effectively overruled" when they are "clearly irreconcilable" with intervening Supreme Court authority); *but see Wilson v. MEDVIDI Inc.*, 2025 WL 2856295, at *2–3 (N.D. Cal. Oct. 7, 2025) (finding that the court is still bound by previous Ninth Circuit TCPA rulings by looking to *Loper-Bright* rather than *McLaughlin*).

Other courts have erred by failing to conduct the ***required*** independent statutory analysis of 47 U.S.C. § 227(c) to determine whether the ***statute***, not the FCC, creates a cause of action for text messages. This is precisely what happened in *Wilson v. Skopos Fin., LLC*, No. 6:25-CV-00376-MC, 2025 WL 2029274 (D. Or. July 21, 2025). In *Wilson*, the court found that text messages are calls for the purposes of 47 U.S.C. § 227(c) by doing exactly what the Supreme Court proscribed: deferring to the FCC's rulemaking. *Id*. at *4. The court correctly stated that Section 227(c) conferred the FCC with implementation authority. *Id*. It is also correct that the FCC issued guidance that text messages are calls. *Id*. However, its conclusion that "the FCC ***has expanded the TCPA*** to apply to text messages" should have been dispositive to whether the statutory text creates a cause of action under the TCPA— which is the required analysis. *See id*.; *McLaughlin*, 606 U.S. at 168 (requiring district courts to independently analyze the statutory text). Instead, the *Wilson* court erred by pointing to FCC guidance and confirming that "the FCC's conclusion bec[ame] abundantly clear" rather than analyzing whether the statute permitted it to make the conclusion in the first place. *See Wilson*, 2025 WL 2029274 at *4; *McLaughlin*, 606 U.S. at 168. Quite clearly, the statutory text of Section 227(c) does not create a cause of action for text

messages. *See* 47 U.S.C. § 227(c)(5) (creating a cause of action for individuals who received more than one "telephone call").

The abundance of pre-*McLaughlin* decisions that found a cause of action for text messages based on 47 U.S.C. § 227(c) and FCC rulemaking has sometimes negated the requisite independent statutory analysis. Under *McLaughlin*, courts are required to conduct an independent analysis of the TCPA's statutory text—a clearly irreconcilable step from the previously required **deference** to the FCC's rulemaking. *See Miller*, 335 F.3d at 900. Now that the deference is no longer permitted, let alone required, the Supreme Court has implicitly overruled previous decisions on the TCPA. *See id*. The *Dilanyan* court looked to a previous Supreme Court decision, *Loper Bright*, and found that this decision was reconcilable by previous Ninth Circuit rulings and that it was therefore still bound by those rulings. *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 2:25-CV-05093-JLS-BFM, 2025 WL 3549868, at *3 (C.D. Cal. Dec. 3, 2025) (quoting *Loper Bright*, 603 U.S. at 412). This is incorrect—which the *Dilanyan* court likely would have found if it looked to *McLaughlin* instead. Courts are now required to conduct an independent analysis of the TCPA. *See McLaughlin*, 606 U.S. at 168. Previously, courts were not allowed to do so. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("We give broad deference to an agency's interpretation meeting this test."). This discrepancy is not reconcilable in light of *McLaughlin*, and courts are therefore not bound by previous Ninth Circuit decisions. *See Miller*, 335 F.3d at 900.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

At bottom, the Court can and must conduct the requisite independent analysis to determine whether the TCPA covers text messages. When it does, the Court should conclude that text messages are not "calls" under the TCPA.

### C.    *Howard* **Does Not Control Here**.

Plaintiff may argue that *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026) forecloses the argument made in the motion. However, Plaintiff is wrong.

*Howard* was a case regarding whether a text message containing a prerecorded video constituted a violation of Section 227(b)'s prohibition on making a call using an artificial or prerecorded voice. *Howard*, 164 F.4th at 1123. The Ninth Circuit directly held that the defendant did not "make" or "initiate" a message using an artificial or prerecorded voice and, thus, the message was not actionable under Section 227(b) of the TCPA. *Howard*, 164 F.4th at 1128. Importantly, the Ninth Circuit did not interpret or discuss Section 227(c) and did not directly hold that text messages are "calls" for purposes of Section 227(c). As such, an attempt to convert a Section 227(b) ruling into a sweeping pronouncement about Section 227(c) overreads the decision.

The Ninth Circuit in *Howard* was silent on the distinction between Sections 227(b) and 227(c). But that would not be necessary. The statute itself draws that distinction. Sections 227(b) and 227(c) regulate different conduct and employ different language. Section 227(b) regulates automated technology (i.e., automated telephone dialing system calls or artificial or prerecorded calls). *See* 47 U.S.C. § 227(b). Section 227(c), by contrast, governs "telephone solicitations" and calls made to residential phone numbers on the national DNC registry. *See* 47 U.S.C. § 227(c). Section 227(b) prohibits the making of any

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

"call", while Section 227(c) provides a private right of action only for a person who receives more than one "telephone call." *See* 47 U.S.C. §§ 227(b), (c). When Congress uses particular language in one subsection but omits it from another, courts must presume the difference is intentional. *See Barajas-Romero*, 846 F.3d at 359 ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.") (quoting *Kucana*, 558 U.S. at 249); *Mukabaranga v. Mayorkas*, No. CV-24-03579-PHX-DLR, 2025 WL 2733274, at *2 (D. Ariz. Sept. 25, 2025) (same); *Top Brand, LLC v. Cozy Comfort Co., LLC*, No. CV-21-00597-PHX-SPL, 2024 WL 3917197, at *2 (D. Ariz. July 1, 2024) (same). Extending *Howard* to Section 227(c) would, therefore, collapse those carefully drawn distinctions and rewrite the statute under the guise of interpretation.

As *Howard* does not control here, the Court must "independently determine" whether a text message constitutes a "call" under Section 227(c)(5). *See McLaughlin*, 606 U.S. at 146. Conducting the requisite independent analysis as set forth above, the Court will clearly see that a "call" does not include a text message.

## V.    **CONCLUSION**

For the foregoing reasons, Quell respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: July 13, 2026                    TROUTMAN AMIN, LLP

By: */s/ Brittany A. Andres*
Eric J. Troutman (*pro hac vice*)
Brittany A. Andres (*pro hac vice*)
Oliver R. Shapiro (*pro hac vice*)

*Attorneys for Defendant Quell Pest Control, LLC*

## CERTIFICATE

I hereby certify that, in accordance with Local Rule 12.1(c), I conferred with counsel on July 7, 2026, and they indicated that they oppose the motion.

*/s/ Brittany A. Andres*
Brittany A. Andres

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Brittany A. Andres*
Brittany A. Andres

16