TROUTMAN AMIN, LLP
Eric J. Troutman (CA State Bar # 229263)
Brittany A. Andres (CA State Bar # 340856)
Oliver R. Shapiro (CA State Bar # 323624)
troutman@troutmanamin.com
brittany@troutmanamin.com
oliver@troutmanamin.com
400 Spectrum Center Drive, Suite 1450
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689

Attorney for Defendant
Quell Pest Control, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| DANIEL BIRD, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>QUELL PEST CONTROL, LLC,<br><br>Defendant. | Case No. 2:26-cv-02459-PHX-SMB<br><br>**DEFENDANT QUELL PEST CONTROL, LLC'S MOTION TO STRIKE CLASS ALLEGATIONS IN PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f)** |

**I.    INTRODUCTION**

Plaintiff Daniel Bird ("Plaintiff") seeks to represent a National Do-Not-Call Registry ("DNCR") class. *See* Compl. ¶ 26. But the DNCR class definition is fatally flawed, and in a manner that discovery cannot repair.

First, the DNCR class is overly broad and lacks commonality because (i) it is not limited to individuals who personally registered their telephone numbers on the DNCR;

1

and (ii) individuals who did not consent or have an existing business relationship ("EBR") with Quell.

Furthermore, the DNCR class is defined based upon the merits instead of objective criteria because it only includes individuals who received "telephone solicitations".

Additionally, the DNCR class is further flawed and rendered uncertifiable by the vague and ambiguous phrase "or a third party acting on Defendant's behalf."

Since the class definition is fatally flawed for critical reasons that cannot be cured in discovery, they must be stricken here and now.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA") based on receipt of alleged text messages to his cell phone without his consent and while his phone number was on the National DNCR. *See Id.* ¶¶ 19-44. Based on these allegations, Plaintiff seeks to represent the following class:

> **National Do Not Call Registry Class**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to filing of the Complaint.

*Id.* ¶ 26.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Although disfavored when used for the purposes of delay, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

2

issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). A motion to strike is particularly proper when "allegations created serious risks of prejudice to [the defendant], delay, and confusion of the issues." *Id*. at 1528.

A class action complaint must plead "the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Id*.

A motion to strike class allegations should be granted "[a]t an early practicable time after a person sues." Fed. R. Civ. P. 23(c)(1)(A); *see also Pilgrim v. Universal Health Card*, LLC, 660 F.3d 943, 949 (6th Cir. 2011) ("[E]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1)."); *Hill v. Wells Fargo Bank, N.A*., 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("The rule's text plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it becomes obvious that the plaintiff will be unable to satisfy Rule 23.").[1]

---

[1] *See also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (holding that when it is "plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim" the court may strike "impertinent" matters from the pleadings "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)); *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983) ("The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."); *Baughman v.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450  Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

Striking a class definition at the pleadings stage is particularly appropriate when it is facially uncertifiable in a manner that discovery cannot resolve. *See, e.g., Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008); *Sanders*, 672 F. Supp. 2d at 991 (same); *Donelson v. Ameriprise Fin. Servs.*, 999 F.3d 1080, 1091 (8th Cir. 2021) (in the class action context, a motion to strike class allegations may be appropriate when it is "apparent from the pleadings that the class cannot be certified."). Indeed, courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs); *see also Yagman v. Allianz Ins.*, 2015 WL 5553460, at *4 (C.D. Cal. 2015) (failing to strike plaintiff's class allegations "would inject significant uncertainty as to the scope of discovery and other pretrial proceedings").[2]

## IV.   ARGUMENT – PLAINTIFF'S CLASS DEFINITION MUST BE STRICKEN BECAUSE IT IS FACIALLY UNCERTIFIABLE AS A MATTER OF LAW

### A.   Plaintiff's DNCR Class Is Uncertifiable Because It Is Overly Broad.

It is a well-settled principle of law that a class definition may not be certified when it sweeps in a substantial number of individuals who do not possess valid claims. *See Olean*

---

*Roadrunner Commc'ns, LLC*, No. CV-12-565-PHX-SMM, 2013 WL 4230819, at *2 (D. Ariz. Aug. 13, 2013) (same).

[2] *See also Baughman*, 2013 WL 4230819, at *2 ("this Court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained.") (quoting *Tietsworth v. Sears*, 720 F.Supp.2d 1123, 1146 (N.D. Cal. 2010)); *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("Where the necessary factual issues may be resolved without discovery, it is not required.").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

*Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (when "a class is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit certification.") (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012)); *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 678 (7th Cir. 2009) ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."); *Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who have no cause of action"); *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2021 WL 4263715, at *3 (D. Ariz. Sept. 20, 2021) (denying class certification after concluding that the proposed class was overinclusive because it encompassed individuals who had not suffered a cognizable injury and therefore lacked standing).

Where overbreadth is apparent at the pleadings stage, a class is properly stricken. *See Stokes v. CitiMortgage, Inc.*, No. CV 14-00278-BRO (SHx), 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) (striking class allegations because the plaintiff's claims were not suitable for class treatment); *Keith Barnes v. The Coca-Cola Co.*, No. 1:22-CV-01511-KJM-EPG, 2025 WL 1027431, at *4 (E.D. Cal. Apr. 7, 2025) (granting motion to strike class allegations in the complaint and finding that the court need not allow facially overbroad claims to proceed beyond the pleadings stage).

Permitting an overbroad class to proceed beyond the pleadings stage imposes an inherent unfairness towards the defendant in view of the "in terrorem character of a class

action." *Kohen,* 571 F.3d at 677–78 ("[A] class should not be certified if it contains a great many of persons who have suffered no injury."). As the Seventh Circuit has aptly observed:

> Even if a class's claim is weak, the sheer number of class members and the potential payout that could be required if all members prove liability might force a defendant to settle a meritless claim in order to avoid breaking the company. While that prospect is often feared with large classes, **the effect can be magnified unfairly if it results from a class defined so broadly as to include many members who could not bring a valid claim even under the best of circumstances.**

*Messner v. Northshore Univ. Health Sys.*, 699 F.3d 802, 825 (7th Cir. 2012) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006)) (emphasis added). This is particularly true in TCPA actions where the statute provides for a minimum of $500 in statutory damages per violation. 47 U.S.C. § 227 (c)(3); *see also Kohen*, 571 F.3d at 678 ("When the potential liability created by a lawsuit is very great, even though the probability that the plaintiff will succeed in establishing liability is slight, the defendant will be under pressure to settle rather than to bet the company, even if the betting odds are good.").

> **1.      The DNCR Is Overly Broad Because It Is Not Limited to Individuals Who Personally Placed Their Number on the DNCR**.

47 C.F.R. § 64.1200(c), provides, in relevant part "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber *who has registered his or her telephone number on the national do-not-call registry* of persons who do not wish to receive telephone solicitations that is maintained by the federal government." (emphasis added). The plain language of Section 64.1200(c) indicates that Section 227(c)(5)'s private action exists only for a residential telephone subscriber who has registered his or her telephone number on the national DNCR.

Here, Plaintiff's DNCR class is overly broad because it is not limited to individuals who personally placed their number on the DNCR. The class, as defined in the Complaint,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450  Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

includes all individuals whose "(1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf…" Compl. ¶ 26. This definition encompasses all individuals whose number is registered on the DNCR, regardless of whether he or she personally registered it. However, those individuals who did not personally register their telephone number on the DNCR, lack a valid claim. *See Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at \*5 (N.D. Iowa June 9, 2022) (dismissing case with prejudice where Plaintiff failed to allege that she registered her telephone on the DNC registry).

Allowing this action to proceed with the proposed class definition as is, would therefore work an inherent unfairness against Quell, because it would be required to undertake the burden and expense of defending against a putative class that contains members with no standing and no conceivable claim. *See Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at \*4 (D. Colo. Nov. 14, 2023) (defendant arguing that the proposed class was overbroad because it includes any person whose number was registered on the DNCR without regard to who did the registering and the Court modifying the proposed class to instead state "the person's telephone number was registered by the person on the National Do-Not-Call Registry 30 or more days.").

### 2. The DNCR Class Is Overly Broad Because It Fails to Exclude Individuals Who Consented or Have an EBR with Quell.

Section 64.1200(c)(2)(ii) provides, in relevant part, "[n]o person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry… Any person or

7

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

entity making telephone solicitations…will not be liable…if: (ii) It has obtained the subscriber's prior express invitation or permission." 47 C.F.R. § 64.1200(c)(2)(ii).

Importantly, the FCC defines "telephone solicitation" to exclude a call or message to any person for whom the caller had express written consent or with whom the caller has an EBR. *Id*. Section 64.1200(f)(14). Thus, an absence of consent or an EBR is an affirmative allegation that must be included in a complaint to state a claim for violation of the TCPA's DNC rules.

When a class is clearly overbroad on the face of the pleadings, it is appropriate to strike it. *See Brown v. Nano Hearing Tech Opco, LLC*, No. 3:24-CV-00221-BTM-JLB, 2024 WL 3367536, at *8 (S.D. Cal. July 9, 2024). In *Brown*, the court granted the defendant's motion to strike class allegations finding that class definition was overly broad. More specifically, the court stated:

> "***[T]he class definition is overly broad because it fails to exclude any members who may have consented to receiving phone calls from Nano.*** The TCPA expressly precludes claims made by individuals who consented to be called. 47 U.S.C. § 227 (b)(1)(A) (excluding from liability any call "made with the prior express consent of the called party."). Brown's class definition necessarily includes any individuals who have consented to calls from Nano. [] Like in *Sanders*, these individuals would also lack standing. 672 F. Supp. 2d at 991; *see Hernandez v. State Farm Fire & Cas. Co.*, No. 16CV200-LAB (JLB), 2017 WL 932198, at *6 (S.D. Cal. Mar. 9, 2017) (striking class allegations in part "[b]ecause the class definition includes insureds who were not injured at all.")."

*Brown*, 2024 WL 3367536 at *8 (emphasis added).

Similarly in *Barnes,* the court granted Coca-Cola's motion to strike the class allegations because Barnes's proposed nationwide class was facially overbroad and could not plausibly satisfy Rule 23's class requirements. *Barnes*, 2025 WL 1027431, at *5. The proposed class included every person in the United States who had ever received any

telephone call from Coca-Cola, without limiting the class to individuals who received prerecorded calls, calls without consent, or calls that violated the TCPA. *Id*. The court found this definition improperly included individuals who may have suffered no injury or lacked a TCPA claim, creating significant concerns regarding the presence of uninjured class members. *Id*.

Here, Plaintiff's DNCR class is problematic because it is overly broad in its failure to exclude texts lawfully made under the TCPA. Plaintiff's over-inclusive definition necessarily includes individuals who have no viable claim against Quell (and who lack standing to sue Quell), as it includes individuals who either consented to be contacted by Quell or have an EBR with Quell. Accordingly, the DNCR class could never be certified. *See Brown*, 2024 WL 3367536, at *8; *Barnes*, 2025 WL 1027431, at *5.[3]

Courts have properly rejected class definitions as impermissibly overbroad where the "proposed class could potentially include thousands of individuals who consented to receiving calls on their cellphones…" *Jamison v. First Credit Servs., Inc.*, No. 12 C 4415, 2013 WL 3872171, at *8 (N.D. Ill. July 29, 2013); *see Brown*, 2024 WL 3367536.[4] This is

---

[3] *See also Warnick v. Dish Network LLC*, 301 F.R.D. 551, 559 (D. Colo. 2014) (finding the plaintiff's "sub-class is made even more overbroad because it now includes persons called with their consent.").

[4] *See also Hicks v. Client Servs.*, Inc., No. 07-61822-CIV, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (denying class certification of the TCPA claim because the Court found "consent is an issue that would have to be determined on an individual basis at trial); *Balthazor v. Cent. Credit Servs., Inc.*, No. 10-62435-CIV, 2012 WL 6725872, at *5 (S.D. Fla. Dec. 27, 2012) (same); *Simon v. Healthways, Inc.*, 2015 WL 10015953, at *8 (C.D. Cal. Dec. 17, 2015) (holding that individual consent issues meant that "class action [wa]s not superior to individual suits"); *Alpha Tech Pet Inc. v. LaGasse, LLC*, No. 16 C 4321, 2017 WL 5069946, at *4 (N.D. Ill. Nov. 3, 2017), aff'd sub nom. *Brodsky v. HumanaDental Ins. Co.*, 910 F.3d 285 (7th Cir. 2018) (same); *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017), as corrected on denial of reh'g

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

9

because, under the TCPA, a call made with prior express consent is lawful—i.e., a plaintiff suffers no harm—and the absence of consent is fatal to an individual's TCPA claim, and critical to a defendant's defense.

Plaintiff's proposed DNCR class would also include members who lack valid claims because they have an EBR with Quell—by completing a transaction within 12 months of receiving text message. Plaintiff's class definition entirely fails to exclude or carve out individuals who had a business relationship with Quell, and thus these individuals are unavoidably included in the class definition. *See* Compl. ¶ 26. Moreover, there are no allegations from which the Court could plausibly discern a class which excludes such individuals. For example, nothing in the class definition or class allegations provides a mechanism to identify individuals who consented to texts or who made a purchase with Quell in the past 12 months so as to properly exclude them from the putative class. Thus, the class is overbroad, and should be stricken, as it includes individuals who consented or had an EBR with Quell. *See Brown*, 2024 WL 3367536, at \*8; *Edwards v. Zenimax Media Inc.*, No. 12-CV-00411-WYD-KLM, 2012 WL 4378219, at \*6 (D. Colo. Sept. 25, 2012) (granting motion to strike where the class definition was overbroad because it included class members regardless of whether they were ever injured, preventing an accurate evaluation of the prerequisites set forth in Rule 23).[5]

en banc (Sept. 1, 2017) (affirming denial of class certification where individual consent issues "keep common questions from predominating").

[5] *See also Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1155 (D. Colo. 2019) (adopting recommendation of Magistrate Judge Hegarty, which relied on *Edwards*, to strike class allegations when the proposed class definition was overbroad because it included in a damages class, putative members who were not in fact damaged); *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295-97 (N.D. Ill. 2014) (granting a partial

10

Thus, Plaintiff's DNCR class is overbroad and should be stricken. *See Brown*, 2024 WL 3367536 at *8; *Barnes*, 2025 WL 1027431, at *5.[6]

### B. The Overbreadth of the DNC Class Results in the Class Facially Lacking Commonality in a Way That Discovery Cannot Resolve.

In analyzing the merits of a putative class, distinct from the overbreadth inquiry is the commonality analysis. Rule 23(a)(2) mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires more than merely raising common questions, it requires "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation…." *Dukes*, 564 U.S. at 350. If "the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question" and commonality is absent. *Hansen v. United Airlines, Inc.*, No. 20 CV 2142, 2021 WL 4552552, at *5 (N.D. Ill. Oct. 5, 2021).[7] Stated differently, the putative class "claims must depend upon a common contention … that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*,

---

[6] motion to strike class allegations based on an overly broad TCPA class definition at the pleadings stage because the "class allegations [were] facially and inherently deficient").

[6] *See also Lindsay Transmission, LLC v. Off. Depot, Inc.*, No. 4:12-CV-221 CEJ, 2013 WL 275568 (E.D. Mo. Jan. 24, 2013) (granting a motion to strike class allegations and determining that a "class membership will require the kind of individualized determinations—the absence of prior consent and the absence of a prior business relationship—precluded by Rule 23.").

[7] *See also Simon*, 2015 WL 10015953, at *8 (court declined to engage in individualized inquiries stating "the court cannot and will not engage in hundreds of mini-trials to determine whether a putative class member provided Defendants his or her or its prior express permission.").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450  Irvine, CA 92618
troutman@troutmanamin.com

564 U.S. at 350.[8]

The same defect that renders the proposed class overbroad also defeats commonality. Rule 23(a)(2) requires more than shared questions in the abstract; it requires common answers capable of resolving liability "in one stroke." *Dukes*, 564 U.S. at 350 (holding commonality turns on whether a common contention will generate a common answer apt to drive resolution of the litigation). That standard cannot be met here.

Whether any putative class member possesses a viable claim turns on individualized inquiries regarding whether each class member personally registered their telephone number on the DNCR and if they consented or had an EBR with Quell. Indeed, because the proposed class definition does not distinguish between persons contacted by prior express permission and those that were not, there is no uniform answer to whether class members were subject to unlawful conduct at all. Some may have viable claims; others may not. Those questions go directly to liability, and they cannot be answered through common proof applicable across the class. *See Chavez v. Plan Ben. Servs.*, 957 F.3d 542, 547–49 (5th Cir. 2020) (stating individualized liability questions defeat commonality). That is the opposite of the common answer Rule 23 requires.

As a result, the class fails to meet the commonality requirement under Rule 23(a)— as it is impossible to resolve the critical issues common to all members "in one stroke." *Dukes*, 564 U.S. at 350; *see also Manning*, 725 F. 3d at 59. Thus, the class must be stricken.

---

[8] *See Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 578 (S.D. Cal. 2013) (finding no commonality).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

**C.  Plaintiff's DNCR Class is Defined Based Upon the Merits Instead of Objective Criteria Because It Only Includes Individuals Who Received "Telephone Solicitations".**

A class must be defined based upon clear and objective criteria. *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (a class definition should be "precise, objective and presently ascertainable."); *Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 122 (N.D. Cal. 2014) ("the class definition must be sufficiently definite so that the members of the class can be ascertained by reference to objective criteria."); *Wilcox v. Swapp*, 330 F.R.D. 584, 595 (E.D. Wash. 2019) ("the determining factor in creating a clear and definite class definition is whether class members are determined with 'an objective criterion.'").

A class defined based upon the merits of a claim is simply not certifiable. *See Hanni v. Am. Airlines*, Inc., 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) ("a class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class.") (quoting 5 James W. Moore, Moore's Federal Practice § 23.21(3)(c) (Matthew Bender 3d ed. 2011)). This is so because merits determinations must not be made at the certification stage—yet a class defined based upon the merits of a claim assures that all members of a class have already won on a critical substantive issue. *See Wilcox*, 330 F.R.D. at 596. And that, in turn, creates problems of fairness for defendants and violates the protections of the one-way intervention rule. *See Burkhead v. Louisville Gas & Elec. Co.*, 250 F.R.D. 287, 293 (W.D. Ky. 2008); *Wilcox*, 330 F.R.D. at 596.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

13

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450  Irvine, CA 92618
troutman@troutmanamin.com

Here, Plaintiff's DNCR class violates all of these rules and raises all attendant concerns. The class turns on whether a consumer received a "telephone solicitation" from Quell. Compl. ¶ 26. Yet, to determine who is in the class here, the Court would need to review each or text message sent to each class member to determine whether the message was a "solicitation". This is obviously problematic from a predominance perspective, but this is also plainly a merits determination. *See* 47 C.F.R. § 64.1200(c)(2). That is, at the class certification stage, this Court will need to decide whether or not a class member received a telephone solicitation. And that is *per se* improper. *Hanni*, 2010 WL 289297, at *9 (stating a class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class); *Thompson v. Vintage Stock, Inc.*, No. 4:23-CV-00042-SRC, 2024 WL 492052, at *10 (E.D. Mo. Feb. 8, 2024), on reconsideration, No. 4:23-CV-00042-SRC, 2024 WL 1636705 (E.D. Mo. Apr. 16, 2024) (striking the class definition in count three because in order to certify this class, the court would have to determine whether a text message is a "telephone solicitation").[9]

Because membership in the class is determined by whether the consumer received a telephone solicitation, Quell would be unfairly prejudiced by a proceeding where a crucial merits inquiry has already been determined in the class members' favor—individuals are

---

[9] *See also Thomasson v. GC Services Ltd. Partnership*, 321 F. App'x 557, 558 (9th Cir. 2008) (holding that a class which requires an individualized inquiry into phone calls … cannot establish Defendant acted uniformly as to each member and cannot support commonality as required for class certification); *Barnes v. Allsup Employment Services, LLC*, No. 21-CV-21121, 2022 WL 2390715, at *5 (S.D. Fla. July 1, 2022) (striking plaintiff's class where an individualized inquiry would need to be undertaken in determining which potential class members received more than one phone call, and in turn whether the respective calls each received was subject to liability).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450  Irvine, CA 92618
troutman@troutmanamin.com

either already determined to have won on this critical issue, or they are not members of the class at all. *See e.g., Olney v. Job.com, Inc.*, No. 1:12-CV-01724-LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013) (stating that "defining the class to include anyone who received such a call without prior express consent means that only those potential members who would prevail on this liability issue would be members of the class.").

As Plaintiff's DNCR class could never be certified, this Court should strike the class. *See Thompson*, 2024 WL 492052, at *10.[10]

> **D.    Plaintiff's DNCR Class Is Vague and Ambiguous as to the Phrase "or a third party acting on Defendant's behalf."**

A class cannot be certified where its scope is too indefinite or vague. *See Colman v. Theranos, Inc.*, 325 F.R.D. 629, 638 (N.D. Cal. 2018) (quoting *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)) ("a class must not be vaguely defined and must be 'sufficiently definite to conform to Rule 23.'").[11]

In *Parsittie*, the court granted the defendant's motion to strike the proposed class that was defined to include individuals who were employed by Defendants "and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California

---

[10] *See e.g., Taylor v. Universal Auto Group I, Inc.*, No. 3:13-cv-05245-KLS, 2014 WL 6654270, at *22 (W.D. Wash. Nov. 24, 2014) (finding that the "inclusion of the 'without prior consent' language in the national classes definition makes it a [improper] class, as clearly the issue of consent is central to determining defendant's liability").

[11] *See also Daniel F.*, 305 F.R.D. at 122 ("[A] class definition is sufficient if the description of the class is 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'"); *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 211 (N.D. Cal. 2012) (same); *Parsittie v. Schneider Logistics, Inc.*, No. CV193981MWFAFMX, 2019 WL 8163645, at *4 (C.D. Cal. Oct. 29, 2019) (granting the plaintiff's motion to dismiss or otherwise strike the complaint where the class definition was vague and significantly overbroad).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

during the Relevant Time Period." *Parsittie*, 2019 WL 8163645, at \*4. The court held this was an improper and impermissible definition because it included individuals hired by entirely separate, third-party staffing agencies without setting clear and objective criteria to which a plausible joint-employer relationship with the defendant could be established. *Id*.

Here, Plaintiff's proposed DNCR class is inadequately defined because it hinges on the vague and ambiguous phrase "or a third-party acting on Defendant's behalf." Compl. ¶ 26. Plaintiff provides no parameters identifying which third parties would qualify as a third party acting on Defendant's behalf, leaving the scope of the class unclear. *See Parsittie*, 2019 WL 8163645, at \*4. This lack of clarity "makes it impossible to ascertain the individuals who fit within the proposed class definition." *Id*. at \*4.

Moreover, the lack of clarity may lead to the parties litigating regarding whether certain calls fall under this definition. *See Palmer v. Stassinos*, 236 F.R.D. 460, 463 (N.D. Cal. 2006) (denying motion for class certification where "the parties would be likely to spend much time litigating whether certain letters fall within this proposed definition."). As such, Plaintiff's DNCR class definition must be stricken.

> **E.     The Court Should Not Wait Until the Certification Stage to Address These Issues – It Should Strike Plaintiff's Class Allegations Here and Now**.

Plaintiff will undoubtedly ask the Court to overlook the flaws in his proposed class and allow him to leverage the cumbersome machinery of class discovery. That would be manifestly unfair and does not comport with how class actions are designed to work. Defendant has raised valid challenges to the class definition proposed in the Complaint. There is no reason to allow the case to proceed to certification when it is apparent at the

outset that the proposed class definition cannot be certified. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 444 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings."); *Barnes*, 2025 WL 1027431, at *5 (granting motion to strike the class allegations in the complaint and holding that a defendant "is entitled to know the class definition being alleged against [it]").[12]

This approach is consistent with the Federal Rules of Civil Procedure, which require courts to rule on class certification issues "[a]t an early practicable time" following the filing of a complaint. Fed. R. Civ. P. 23(c)(1)(A). Should Plaintiff's facially uncertifiable class be allowed to proceed, Quell will otherwise be forced to engage in extensive and burdensome discovery and litigation only for class certification to be inevitably denied, which wastes both the parties' judicial resources. *See Pilgrim*, 660 F.3d at 949. ("[T]he problem for the plaintiffs is that we cannot see how discovery or for that matter more time would have helped them."). These inefficiencies can be avoided by striking Plaintiff's class allegations that are plainly incapable of certification.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Quell respectfully requests that the Court strike Plaintiff's class allegations from his Complaint.

---

[12] *See also Lyons v. Bank of Am., NA*, No. C 11-1232 CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting motion to strike class allegations because "the proposed class includes many members who have not been injured"); *Hill*, 946 F. Supp. 2d at 829 ("This is a case where 'the issues are plain enough from the pleadings' to allow the court to conclude that no class can be certified.").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

Dated: July 13, 2026                    TROUTMAN AMIN, LLP


By: */s/ Brittany A. Andres*
Eric J. Troutman (*pro hac vice*)
Brittany A. Andres (*pro hac vice*)
Oliver R. Shapiro (*pro hac vice*)

*Attorneys for Defendant Quell Pest Control, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Brittany A. Andres*
Brittany A. Andres

18