TROUTMAN AMIN, LLP
Eric J. Troutman (CA State Bar # 229263)
Brittany A. Andres (CA State Bar # 340856)
Oliver R. Shapiro (CA State Bar # 323624)
troutman@troutmanamin.com
brittany@troutmanamin.com
400 Spectrum Center Drive
Suite 1450
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689

Attorney for Defendant
Quell Pest Control, LLC

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| DANIEL BIRD, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>QUELL PEST CONTROL, LLC,<br><br>Defendant. | Case No. 2:26-cv-02459-PHX-SMB<br><br>**DEFENDANT QUELL PEST CONTROL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

## I.     <u>INTRODUCTION</u>

The first circuit court to address the exact issue presented by this Motion has now answered it directly: text messages "do not fall within the private right of action created by § 227(c)(5)." *Steidinger v. Blackstone Med. Servs.,* No. 25-2398, 2026 WL 2028517, at \*5 (7th Cir. July 14, 2026). That holding is fatal to Plaintiff Daniel Bird's ("Plaintiff") claim. Plaintiff's Opposition misses the mark by relying on the wrong TCPA provision, conflating the FCC's regulatory authority with Congress's private right of action, and

1

asking the Court to expand § 227(c)(5) beyond its text. But § 227(c)(5) does not authorize Plaintiff's claim: the FCC cannot create a private cause of action Congress did not, and Ninth Circuit cases interpreting § 227(b) do not control the distinct question under § 227(c)(5). For these reasons, Defendant Quell Pest Control, LLC ("Defendant") respectfully requests that the Court grant its Motion to Dismiss.

## II.   ARGUMENT – THE TCPA'S DNC PROVISIONS DO NOT REGULATE TEXT MESSAGES

### A.   *Satterfield*, *Howard*, and *Campbell-Ewald* Do Not Control the Distinct Question Presented of Whether Text Messages Are "Calls" Under Section 227(c).

Plaintiff begins with the sweeping assertion that Defendant's argument "is contrary to controlling Ninth Circuit authority." Opp. at 1. It is not. Neither of Plaintiff's authorities—*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 948 (9th Cir. 2009) and *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119, 1120 (9th Cir. 2026)—addressed the specific question presented here: whether a text message constitutes a "telephone call" under Section 227(c).

That distinction is dispositive. *Satterfield* arose under Section 227(b), which regulates calls made using an automatic telephone dialing system or artificial or prerecorded voice. *See Satterfield*, 569 F.3d at *951. The Ninth Circuit did not interpret § 227(c) or decide whether texts are "telephone solicitations," and Plaintiff's attempt to extend *Satterfield* beyond § 227(b) ignores the decision's limits.

*Howard* is no different. *See* Opp. at 4-5. This reliance stems from a flawed premise that *Howard* already resolved the issue of whether text messages constitute "calls" under

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanmin.com

the TCPA's DNC provision, 47 U.S.C. § 227(c). It did not. *Howard* was a case regarding whether a text message containing a prerecorded video constituted a violation of Section 227(b)'s prohibition on making a call using an artificial or prerecorded voice. *Howard*, 164 F.4th at 1123. The Ninth Circuit held only that the message was not actionable under § 227(b) because the defendant did not "make" or "initiate" it using an artificial or prerecorded voice, and Plaintiff's attempt to extend that holding to § 227(c) overreads the decision. *Id*. at 1128.

Recent decisions confirm Plaintiff's interpretation of § 227(c) is unsettled; after *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), courts have independently concluded that text messages are not actionable under § 227(c). *See Jones v. Blackstone Med. Servs., LLC,* 792 F. Supp. 3d 894, 901 (C.D. Ill. 2025) (dismissing 47 U.S.C. § 227(c) text message claims because text messages are not actionable under the statute).[1]

These decisions are persuasive because they follow fundamental principles of

---

[1] *See also Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1275 (N.D. Fla. 2025) (same); *Sayed v. Naturopathica Holistic Health, Inc.,* No. 8:25-CV-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (same); *Radvansky v. 1-800-Flowers.com, Inc.,* No. 1:25-CV-2811-TWT, 2026 WL 456919, at *4-5 (N.D. Ga. Feb. 17, 2026) (same); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LMM, 2026 WL 810929, at *3 (N.D. Ga. Feb. 12, 2026) ("*Kendo Holdings, Inc.*"); *James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367 (M.D. Fla. 2026) (same); *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 WL 591842, at *3 (N.D. Ohio Mar. 3, 2026) (same); *Richards v. Fashion Nova*, No. 1:25-cv-01145-TWP-MKK, 2026 WL 847568, at *2 (S.D. Ind. March 26, 2026) ("*Fashion Nova*") (same); *Richards v. Shein Distribution Corp.*, No. 1:25-cv-01385-JMS-TAB, 2026 WL 847584, at *2 (S.D. Ind. Mar. 26, 2026) ("*Shein*") (same); *Irvin v. Sonic Industries Services, LLC*, No. 3:25-cv-00242-LMM, 2026 WL 1098403, at *3 (N.D. Ga. Apr. 20, 2026) (same); *Steidinger*, 2026 WL 2028517, at *1 (same).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

statutory construction: courts must apply the words Congress enacted and may not expand the TCPA to address technologies Congress did not include; "[i]t is not for a court to legislate by reading into the TCPA something that is not there." *Jones*, 792 F. Supp. 3d at 901.[2]

Plaintiff's reliance on the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153 (2016) is equally misplaced. *See* Opp. 10. *Campbell-Ewald* involved § 227(b)(3), a different TCPA provision, and only assumed that text messages qualified as "calls" because the issue was undisputed. As *Steidinger* recognized, "[t]he Court subsequently indicated that this was not a substantive decision on the meaning of 'call,'" and "[h]ere, the parties dispute the meaning of telephone call, so we confront a question that the Supreme Court hasn't answered." 2026 WL 2028517, at *3.[3]

Nor does Plaintiff's reliance on district court decisions within and outside this Circuit change the result. *See* Opp. at 4-10. Plaintiff's emphasis on *Taha v. Momentive Software, Inc.*, 2026 WL 974297 (C.D. Cal. Mar. 11, 2026) is misplaced and unavailing. *See* Opp. 4-8. *Taha* is a nonbinding district court decision that improperly extends *Satterfield* and *Howard* beyond the statutory provision they addressed. Those cases interpreted whether texts are "calls" under § 227(b), not whether they are "telephone calls" under the distinct

---

[2] *See also Steidinger*, 2026 WL 2028517, at *2 (interpreting the statute's text "in accord with the ordinary public meaning of its terms at the time of its enactment.") (quoting *Bostock v. Clayton County*, 590 U.S. 644, 654 (2020)).

[3] *See Facebook, Inc. v. Duguid,* 592 U.S. 395, 400 & n.2 (2021) (citing *Campbell-Ewald* and stating that because "[n]either party disputes that the TCPA's prohibition also extends to sending unsolicited text messages," the Court would "therefore assume that it does without considering or resolving that issue").

cause of action in § 227(c)(5). Because *Taha* conflates these provisions and disregards Congress's differing language, this Court should decline to follow its reasoning.

Similarly, Plaintiff's reliance on *Wilson v. Better Mortg. Corp.*, 811 F. Supp. 3d 631, 644 (S.D.N.Y. 2025) and *D'Agostino v. Circle K Stores Inc.*, No. CV-26-01225, 2026 WL 1098239 (D. Ariz. Apr. 23, 2026) is unpersuasive because both decisions effectively rewrite § 227(c)(5) to encompass technology Congress never addressed. The relevant inquiry is not whether text messages are functionally similar to telephone calls today, but what Congress meant by "telephone call". *Wisconsin Cent. Ltd*, 585 U.S. 274 at *284.[4] Courts must enforce statutory text, not expand it through evolving technology or FCC guidance. *See Bostock v. Clayton Cnty.*, 590 U.S. 644, 653 (2020) ("[O]nly the written word is the law, and all persons are entitled to its benefit.").

Plaintiff improperly conflates distinct TCPA provisions: *Howard* and *Satterfield* addressed only § 227(b), not whether texts are "telephone calls" under § 227(c)(5). Because the Ninth Circuit has not adopted Plaintiff's interpretation and Plaintiff alleges only texts, he has not pleaded receipt of a "telephone call" under § 227(c)(5), and his claim should be dismissed.

**B.    The Private Right of Action Afforded in Section 227(c)(5) is Limited to "Telephone Calls" Not "Telephone Solicitations."**

Section 227(c)(5) of the TCPA creates a private right of action for "[a] person who has received more than one ***telephone call*** within any 12-month period by or on behalf of

---

[4] *See also James*, 828 F. Supp. 3d at *1367 ("[t]he ordinary public meaning of "telephone call" in 1991 did not include or embrace a modern text message.").

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

the same entity in violation of the regulations prescribed under this subsection…" (emphasis added).

"[I]f the text is clear, the analysis begins and ends there." *Davis*, 797 F. Supp. 3d at 1273 (citing *Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 818 (11th Cir. 2020)).[5] While it is true that Section 227(c) was enacted "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object", 47 U.S.C. § 227(c)(1), "§ 227(c)(5) only creates a private right of action for the receipt of more than one 'telephone call' within a 12-month period. It doesn't mention telephone messages, nor does it use the more encompassing term, telephone solicitation." *Steidinger*, 2026 WL 2028517, at *2.

Plaintiff relies on *Satterfield*'s generalized definition of the word "call," which described the term as "to communicate with or try to get into communication with a person by a telephone." *Satterfield*, 569 F.3d at 953-54. From that broad definition, Plaintiff appears to suggest that any communication transmitted to a telephone, including text messages, necessarily qualifies as a "call." *See* Opp. at 12-13. Plaintiff's interpretation proves too much, extending "telephone call" to emails, push notifications, and any digital communication delivered to a phone, untethering the term from its ordinary meaning and

---

[5] *See also Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 802 (9th Cir. 2017) ("The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'") (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54 (1992)); *West v. Hoy*, 126 F.4th 567, 575 (7th Cir. 2025) (stating a court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous.") (quoting *BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176, 183 (2004)).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

statutory context.

Plaintiff asks the Court not only to adopt *Satterfield*'s generalized definition of the word "call," but insists that Section 227(c)(5) creates a private right of action for all telephone solicitations. *See* Opp. at 11-12. But the Court should "read the words of a statute in their context, which includes the overall statutory scheme." *Steidinger*, 2026 WL 2028517, at *3 (citing *FDA v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133 (2000)).[6] And because "Congress used a different term in these two subsections of § 227, it intended a different meaning." *Id.*[7]

More importantly, "Section 227(a)(4) does not refer to '**text** message.'" *Jones*, 792 F. Supp. 3d at 900 (emphasis added). Further, "however Congress defines 'telephone solicitation'—and whatever Congress directed the FCC to do in terms of regulating certain 'telephone call[s] or message[s]'—the private right of action Congress created exists only for those who received multiple 'telephone calls.'" *Davis*, 797 F. Supp. 3d at 1274 (quoting 47 U.S.C. § 227(c)(5)).

Congress could have created a private right of action for any "telephone call or message" made for a telemarketing purpose. It did not. Courts must give effect to Congress's choice of words, not rewrite the statute to align with Plaintiff's preferred policy outcome. *See Davis*, 797 F. Supp. 3d at 1274-1275 ("[T]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a

---

[6] *See, e.g., Jones*, 792 F. Supp. 3d at 900 ("The fact that 'telephone solicitation' appears in Section 227(c)…does not change the plain meaning analysis.").

[7] *See also Sw. Airlines Co. v. Saxon,* 596 U.S. 450, 457–58 (2022) (explaining the meaningful-variation canon).

private right but also a private remedy.... Without it, a cause of action does not exist and courts may not create one, no matter ... how compatible with the statute.") (citing *Alexander v. Sandoval*, 532 U.S. 275, at \*286-87 (2001)).[8]

Plaintiff's reliance on *Rabbitt v. Rohrman Midwest Motors, Inc.*, No. 25 C 11312, 2026 WL 851279 (N.D. Ill. Mar. 27, 2026), is misplaced. Opp. at 12. *Rabbitt* concluded that Congress implicitly endorsed the view that text messages are "calls" through inaction, but *Steidinger* rejected that reasoning. *Steidinger*, 2026 WL 2028517, at \*5.[9] Congress's decision to reference text messages elsewhere while leaving § 227(c)(5)'s "telephone call" language unchanged is presumed intentional under *Russello*, and congressional inaction cannot expand a private right of action. *Russello v. United States*, 464 U.S. 16, 23 (1984).[10]

The 2018 amendments added specific references to text messages in other provisions of the TCPA, yet Congress left § 227(c)(5)'s reference to "telephone call" unchanged. That distinction confirms that Congress chose not to expand the private right of action in §

---

[8] *See also SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 375 (2018) ("It is Congress's job to enact policy and it is the Supreme Court's job to follow the policy Congress has prescribed"); *Bostock*, 590 U.S. 644 at \*674 ("The people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration").

[9] *Steidinger*, 2026 WL 2028517, at \*5 (rejecting "the plaintiffs' invitation to attribute persuasive significance to Congress's inaction regarding § 227(c)").

[10] *See also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 186 (1994) (holding that congressional inaction in the face of a judicial interpretation of a statute is not sufficient to establish that Congress acquiesced in that interpretation); *See also United States v. Wells*, 519 U.S. 482, 496 (1997) ("We thus have at most legislative silence on the crucial statutory language, and we have "frequently cautioned that '[i]t is at best treacherous to find in congressional silence alone the adoption of a controlling rule of law,'") (citing *NLRB v. Plasterers' Local Union No. 79*, 404 U.S. 116, 129–130 (1971)).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

227(c)(5) to text messages. *Rabbitt*'s reliance on congressional inaction improperly assumes Congress silently ratified an interpretation of the statute, rather than giving effect to the language Congress actually enacted.

Ultimately, "[t]he best reading of § 227(c)(5) is therefore that it provides a narrower remedy than recovery for all forms of telephone solicitation; plaintiffs may sue after receiving unwanted telephone calls, but not unwanted telephone solicitations (which include not merely calls but also messages)." *Steidinger*, 2026 WL 2028517, at *3.

### C.    The Court Should Reject Plaintiff's Attempt to Expand the Private Right of Action of Section 227(c)(5).

Next, Plaintiff contends that "Defendant's interpretation would sever § 227(c)(5) from the regulations it was enacted to enforce." Opp. at 13. Plaintiff conflates the FCC's authority to regulate with Congress's decision to create a private remedy. Section 227(c)(5) applies only when a plaintiff receives more than one "telephone call" within twelve months "in violation of the regulations prescribed under this subsection"; the regulatory language does not eliminate that statutory requirement. 47 U.S.C. § 227(c)(5).

The FCC's authority to regulate text messages does not establish a private right of action; courts must enforce Congress's chosen remedies, not expand "telephone call" to include texts. *See Alexander*, 532 U.S. 275 at 286 ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.").[11]

---

[11] *See also Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15 (1979) ("what must ultimately be determined is whether Congress intended to create the private remedy asserted, as our recent decisions have made clear.").

Plaintiff's reliance on 47 C.F.R. § 64.1200(e) fails because the regulation cannot amend the statute, convert "telephone call" into "text message," or create a private right of action Congress did not authorize.

### D. The Plain Meaning of "Telephone Call" Clearly Does Not Include Text Messages.

Statutory terms must be interpreted "in accord with the ordinary public meaning of its terms *at the time of its enactment.*" *Bostock*, 590 U.S. 644 at *654 (emphasis added). That principle is dispositive here.

Plaintiff concedes this central point. Text messaging did not exist when Congress enacted the TCPA in 1991. *See* Opp. at 3 ("Of course, text messaging didn't exist when the TCPA was passed in 1991, so Congress didn't have texts specifically in mind.").[12] *Steidinger* recognized, it is therefore, "undisputed that 'telephone call' couldn't have been thought to cover text messages when the TCPA was enacted in 1991, because the first text message was not sent until the following year." *Steidinger*, at *2.

Nonetheless, Plaintiff argues that the meaning of "call" includes text messages "because the contemporaneous 'plain and ordinary meaning in this context' of 'the statutory term 'call' is 'to communicat[e] with or an attempt to get in communication with a person by telephone.'" Opp. at 15. (quoting *Howard*, 164 F.4th at 1123–24). But Plaintiff completely ignores that the private right of action afforded in Section 227(c)(5) says "telephone call", not just "call." *See* 47 U.S.C. § 227(c)(5).

---

[12] *See also Blow v. Bijora, Inc.,* 191 F. Supp. 3d 780, 786 n.3 (N.D. Ill. 2016) (noting that the first text message was sent in December 1992).

10

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

The issue is not whether "call" can broadly describe communication, but what Congress meant by "telephone call" in § 227(c)(5) when it enacted the TCPA in 1991. At that time, a telephone was an instrument "for reproducing sounds at a distance," and to call meant "to get or try to get into communication by telephone." Webster's Ninth New Collegiate Dictionary (1991). Thus, in 1991, a "telephone call" referred to voice communication. *Steidinger*, 2026 WL 2028517, at *2; *James*, 828 F. Supp. 3d at *1367.

"Text messages do not reproduce sounds," and therefore "do not qualify as a new application of telephone call." *Steidinger*, 2026 WL 2028517, at *2 (citing *Wis. Cent. Ltd.*, 585 U.S. at 284). Plaintiff instead urges a broader reading that would encompass all telephone communications. Opp. at 15–17. Although § 227(c)(5) extends beyond the calls common in 1991, courts may not let "the march of technology" redefine statutory text. *Steidinger*, 2026 WL 2028517, at *2.

Because applying Section 227(c) to text messages would rewrite the TCPA, this Court should follow the numerous courts holding that Section 227(c) does not regulate texts and dismiss Plaintiff's sole claim. *See Sayed*, 2025 WL 2997759, at *2.[13]

## III.   **CONCLUSION**

Based on the foregoing reasons and those stated in the Motion, Defendant respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.

---

[13] *See also Radvansky*, 2026 WL 456919, at *4-5; *Kendo Holdings, Inc.*, 2026 WL 810929, at *3; *James*, 828 F. Supp. 3d at *1367; *Lopresti*, 2026 WL 964758, at *4; *Irvin*, 2026 WL 1098403, at *5.

11

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

**TROUTMAN AMIN, LLP**
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

Dated: July 21, 2026                     TROUTMAN AMIN, LLP


By: */s/ Oliver R. Shapiro*
    Eric J. Troutman (*pro hac vice*)
    Brittany A. Andres (*pro hac vice*)
    Oliver R. Shapiro (*pro hac vice*)

    *Attorneys for Defendant Quell Pest Control, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a copy of the foregoing was served by ECF to counsel of record.


                                        */s/ Oliver R. Shapiro*
                                        Oliver R. Shapiro

12