TROUTMAN AMIN, LLP
Eric J. Troutman (CA State Bar # 229263)
Brittany A. Andres (CA State Bar # 340856)
Oliver R. Shapiro (CA State Bar # 323624)
troutman@troutmanamin.com
brittany@troutmanamin.com
400 Spectrum Center Drive
Suite 1450
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689

Attorney for Defendant
Quell Pest Control, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| DANIEL BIRD, *individually and on behalf of a class of all persons and entities similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>QUELL PEST CONTROL, LLC,<br><br>Defendant. | Case No. 2:26-cv-02459-PHX-SMB<br><br>**DEFENDANT QUELL PEST CONTROL, LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(f)** |

**I.      INTRODUCTION**

Plaintiff Daniel Bird's ("Plaintiff") Opposition's confirms that his National Do-Not-Call Registry ("DNCR") class is facially overbroad and cannot be certified as pleaded. The class sweeps in individuals who lack viable TCPA claims, including persons who may not have personally registered their number on the DNCR, persons who consented to receive communications, persons with whom Defendant Quell Pest Control, LLC's ("Quell") had an established business relationship ("EBR"), and persons allegedly contacted by undefined third parties whose relationship to Quell remains unclear. Plaintiff

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

attempts to avoid these defects by labeling Quell's Motion (Dkt. No. 16) ("Mot.") premature, but Federal Rule of Civil Procedure ("Rule") 23 expressly authorizes courts to address class issues "at an early practicable time," and courts in this Circuit routinely strike class allegations at the pleading stage where the defects are apparent from the face of the complaint and discovery cannot cure them. Fed. R. Civ. P. 23(c)(1)(A); *see Hovsepian v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009) (striking class allegations where the pleadings established that amendment or discovery could not salvage class certification).

The problem is Plaintiff's class definition, not a lack of discovery. The proposed DNCR class requires individualized inquiries into consent and EBR to determine who received actionable "telephone solicitations," preventing resolution "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Because discovery cannot cure these defects, the Court should strike Plaintiff's class allegations.

## II.    **ARGUMENT**

### A.    The Motion is Not Premature and Ninth Circuit Authority Confirms Court May Strike Class Allegations at the Pleading Stage.

Plaintiff first argues that the Motion is premature given that this Motion is brought "before the parties have exchanged a single document or taken a single deposition." Opp. at 2-6. However, Ninth Circuit precedent counsels that errant class definitions should be removed at the earliest possible stage. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-40 (9th Cir. 2009). Consistent with that principle, courts in this Circuit routinely grant motions to strike class allegations at the pleadings stage. *See Wysocki v. Zoom Techs. Inc.*, No. 3:22-CV-05453-DGE, 2024 WL 1139094, at *6 (W.D. Wash. Mar. 15, 2024)

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

(striking class allegations at the pleadings stage); *Salaiz v. eHealthInsurance Servs., Inc.*, No. 22-CV-04835-BLF, 2023 WL 2622138, at *6 (N.D. Cal. Mar. 22, 2023) (same).

Whether or not a motion to strike is premature turns on whether the flaws in the class definition might be overcome in the discovery process. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). Where such flaws may be addressed through discovery, class allegations should not be stricken. *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007). But where a class can never be certified, the class allegations should be stricken. *See Pepka v. Kohl's Dep't Stores, Inc.*, No. CV164293MWFFFMX, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations because "[t]he class cannot be certified given these issues, and because discovery would not cure this defect"). Thus, Plaintiff's suggestion that courts require discovery prior to ruling on certification is without merit. *See* Opp. at 9.

Here, Plaintiff's class can never be certified. Rather than take the issues head on—which he cannot—Plaintiff simply pretends there is some barrier to the Court striking the definitions here and now. But there is no rule against early determination of the merits of a flawed class.

**B.     Plaintiff Ignores the Plain Language of the Statute that Requires Plaintiff to Personally Register His Phone Number on the DNCR.**

Quell's Motion argues that Plaintiff's DNCR class is facially overbroad because the class definition necessarily includes individuals who did not personally register their phone numbers on the DNCR. Mot. at 6-7. Plaintiff contends that his class is not overbroad because the "provisions of the TCPA do not require that one personally register their number on the Do Not Call Registry because that fact would be impossible to prove, as

*TROUTMAN AMIN, LLP*
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

the FTC is neither authorized to nor collects such information." Opp. at 6. However, that argument ignores the plain language of the statute.

Under 47 C.F.R. § 64.1200(c), in order to recover for a DNC violation, a consumer must register his or her telephone number on the national do-not-call registry. 47 C.F.R § 64.1200(c)(2). Here, the DNC class is defined to include all individuals who received calls to numbers listed on the DNCR, without regard to whether the individual asserting the claim personally registered the number. *See* Plaintiff's Complaint (Dkt. No. 1) ("Compl.") ¶ 26. A class definition that includes individuals who were not the registering subscriber sweeps in persons who may not have statutory standing under the provision invoked. *See Klassen v. Solid Quote LLC,* 702 F. Supp. 3d 1052, 1059 (D. Colo. 2023) (modifying the proposed class definition to instead state 'the person's telephone number was registered *by the person* on the National Do-Not-Call Registry 30 or more days.'") (emphasis added).

Plaintiff mischaracterizes 47 C.F.R. § 64.1200(c)(2) by claiming it permits a subscriber to register a number on the Registry. Opp. at 8. The regulation instead applies to a subscriber "***who has registered*** his or her telephone number," confirming registration must already have occurred. 47 C.F.R. § 64.1200(c)(2) (emphasis added).

Plaintiff's reliance on *Callier v. Am.-Amicable Life Ins. Co. of Texas*, No. EP-22-CV-00018-FM, 2022 WL 17732717, at *6 (W.D. Tex. Oct. 18, 2022) is misplaced. Opp. at 8. Rather than applying the statute as written, *Callier* simply presumed away an express statutory requirement, holding that an allegation that a number was "on" the National Do Not Call Registry permits the court to infer that the plaintiff himself registered it. *Callier*, 2022 WL 17732717. That is not the pleading standard under *Bell Atl. Corp. v. Twombly*,

**TROUTMAN AMIN, LLP**
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009), which require factual allegations supporting each element of a claim—not judicial speculation to fill in missing ones.

*Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278 (N.D. Iowa June 9, 2022*)* correctly recognized that the TCPA limits its protections to a subscriber "who has registered his or her telephone number," and this Court should reject *Callier*'s invitation to read that language out of the statute. Where the words used are unambiguous, no further analysis of intent or impact is necessary or appropriate. *See Animal Legal Def. Fund v. United States Dep't of Agric.*, 933 F.3d 1088 (9th Cir. 2019) ("If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there.").[1]

Plaintiff's inclusion of individuals who did not personally register their telephone numbers on the DNCR in the proposed class definition is a fatal flaw. As such, Quell's Motion should be granted.

### C.    Plaintiff is Mistaken that Consent and an EBR are Affirmative Defenses for his National DNC Class.

Plaintiff contends that consent and EBR are affirmative defenses that need not be

---

[1] Quell recognizes that this Court previously declined to strike similar class allegations in *Abrahamian v. loanDepot.com LLC*, No. CV-23-00728-PHX-SMB, 2024 WL 1092442 (D. Ariz. Mar. 13, 2024). Quell respectfully submits that the issue presented here warrants a different result. Although *Abrahamian* considered the proposed class definition, it did not address the specific defect identified here: Plaintiff's class definition includes all persons whose numbers "were on" the National Do Not Call Registry, without requiring that those persons registered their numbers as required by 47 C.F.R. § 64.1200(c)(2). Because the proposed class extends beyond the regulation's express language, it necessarily includes individuals who may have no private right of action under the TCPA.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

addressed in his class definition. *See* Opp. at 9-15. Plaintiff is wrong for two reasons.

First, Plaintiff is wrong that consent and EBR are affirmative defenses with respect to his DNC claim. To properly state a DNC claim, Plaintiff must prove that a "telephone solicitation" took place. *See Perrong v. Bradford*, No. 2:23-CV-00510-JDW, 2023 WL 6119281, at *4 (E.D. Pa. Sept. 18, 2023) ("To violate [47 C.F.R. § 64.1200(c)(2)], a call must be a 'telephone solicitation'"). A "telephone" solicitation is specifically defined as a call made without consent and without an EBR. 47 C.F.R § 64.1200(f)(15)(i), (ii). So, Plaintiff must definitively prove that a call was made without consent or an EBR before that call can qualify as a telephone solicitation subject to the TCPA.

Second, Plaintiff is wrong that the Court cannot strike a class for failing to account for an affirmative defense. As *Gene & Gene* demonstrates, consent is the critical issue in TCPA cases, and courts must not certify TCPA cases without a clear path forward to prove consent on general class-wide proof. *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008). True, the case is at the pleadings stage, but the Complaint's inclusion of classes that make no accounting for consent or EBR whatsoever demonstrates that such classes are facially overly broad and lack commonality. Plaintiff has provided no allegations to the effect that no one receiving messages could possibly have consented. And in the absence of such allegations, Quell should not be subjected to wide-ranging discovery on class members who could never conceivably be part of the class.

And while Plaintiff cites cases involving fail-safe objections, those authorities are inapposite because Quell is not asserting that the class fails because it is fail-safe. *See e.g., Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *3, 8-9 (N.D. Cal. June 15, 2015)

(denying motion to strike class allegations where defendant contended that the class was fail-safe and too "amorphous" to survive certification).

Plaintiff's class is overbroad because it includes individuals who consented or had an EBR and therefore received no actionable "telephone solicitations" under the DNC regulations. Plaintiff's reliance on fail-safe cases does not cure this Rule 23 defect; the class allegations should be stricken.

**D.      Plaintiff's Class is Improperly Defined Based Upon the Merits of Class Members Claims**.

A class defined based upon the merits of a claim is simply not certifiable. *See Hanni v. Am. Airlines*, Inc., 2010 WL 289297, at *9 (N.D. Cal. Jan. 15, 2010) ("a class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a person is a member of the class.") (quoting 5 *James W. Moore, Moore's Federal Practice* § 23.21(3)(c) (Matthew Bender 3d ed. 2011)).

That is the problem here. In the Motion, Quell argued the DNCR class is defined based upon the merits instead of objective criteria because it only includes individuals who received "telephone solicitations". *See* Mot. at 13-15. That term is not objective. It is a statutory term that turns on liability-specific facts. *See Whittaker v. Freeway Ins. Servs. Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *2 (D. Ariz. Jan. 12, 2023) (recognizing that the determination whether a communication is a 'telephone solicitation' depends on the purpose of the particular message). Under the TCPA, a "telephone solicitation" excludes calls made with prior express invitation or permission and calls made to persons with whom the caller has an established business relationship. *See* 47 C.F.R. § 64.1200(f)(15)(i), (ii). Thus, determining whether a person received a "telephone

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

solicitation" requires determining whether the person consented, whether an EBR existed, and whether the communication otherwise falls within the regulatory definition.

Rather than address this argument, Plaintiff reverts to a strawman and argues that the class is not "vague" or a "fail-safe." *See* Opp. at 16. But Quell's point is different. The defect is not merely that the class language is vague or that the class is expressly defined by ultimate liability. The defect is that Plaintiff has embedded a merits dependent statutory term into the class definition. The Court cannot determine who belongs in the class without deciding whether each putative class member received an actionable "telephone solicitation" in the first place.

Determining whether a consumer received a "telephone solicitation" is a core merits inquiry. *See Nichols v. eHealthInsurance Servs., Inc.*, No. 23-CV-06720-EKL, 2025 WL 689721, at *5 (N.D. Cal. Mar. 3, 2025) (striking a proposed TCPA class because membership depended on whether each putative class member received a "telephone solicitation," a merits determination). For each putative class member, the parties must determine whether the communication was consensual, whether an EBR existed, and whether it qualifies as a "telephone solicitation." If not, the person is not in the class; if so, the person may be. That is precisely the kind of merit based sorting Rule 23 does not permit. *See Dixon v. Monterey Fin. Servs., Inc.*, No. 15-CV-03298-MMC, 2016 WL 3456680, at *5 (N.D. Cal. June 24, 2016) (striking the proposed TCPA class under Rule 23 because the class definition was an impermissible fail-safe class, requiring the court to determine the merits of each claim before identifying class members).

Because Plaintiff's DNCR class depends on whether each putative class member

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

received a legally actionable "telephone solicitation," the class is defined by the merits of the claims and should be stricken now.

### E. Plaintiff Concedes that the Phrase "Or a third party acting on Defendant's Behalf" is Vague.

As discussed in the Motion, Plaintiff's proposed DNCR class is inadequately defined because it hinges on the vague and ambiguous phrase "or a third-party acting on Defendant's behalf" and provides no parameters identifying which third parties would qualify as a "third party acting on Defendant's behalf." *See* Mot. at 16. This ambiguity obscures who falls within the proposed class and would force the parties and the Court to litigate class membership itself. *See Parsittie v. Schneider Logistics, Inc.*, No. CV193981MWFAFMX, 2019 WL 8163645, at *4 (C.D. Cal. Oct. 29, 2019).

Plaintiff suggests the proper stage for addressing this defect and any "fine-tuning" should occur at the certification stage. *See* Opp. at 15. But the question before the Court is not whether a later class definition can be certifiable. Sure it can. The question is whether Plaintiff may proceed on his <u>current</u> class definition. The answer is no. *See Fisher v. Ciba Specialty Chemicals Corp.,* 238 F.R.D. 273, 300 (S.D. Ala. 2006) ("The Court does not read the line of authority referenced above as obligating it unilaterally to expand a class definition in a manner that might prove more advantageous to plaintiffs. Having selected and litigated the class definition of their choice, plaintiffs must live with that choice"). If it were otherwise, motions to strike class allegations would never be appropriate, as every plaintiff could avoid dismissal by speculating that a future amendment or judicial modification might cure an otherwise deficient class definition.

9

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

Indeed, Plaintiff implicitly acknowledges that his class as currently pleaded is defective and overly broad. *See* Opp. at 17 (stating Plaintiff "cannot know whether Quell transmitted every challenged text message itself or instead utilized one or more outside vendors or text messaging platforms to conduct its telemarketing campaign."). But Plaintiff cannot bypass the pleading stage in the hope that he pleads a certifiable class at a later stage. *See In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05 C 2623, 2007 WL 4287511, at *5 (N.D. Ill. Dec. 4, 2007) ("it is not the court's role to fashion plaintiffs' class definitions for them where the original proposed class is so problematic."). Plaintiff must plead a certifiable class at the outset; the possibility of a later amended class definition does not save defective allegations. *See Humphrey v. International Paper*, No. 02 C 4147, 2003 WL 22111093, at *5 (N.D. Ill. Sept. 11, 2003) (denying class certification and remarking that, where proposed class definition was "seriously inadequate," court had "great reluctance to do major surgery on proposed class definitions that are so far from the mark as those offered by the plaintiffs").

**F.    Plaintiff Fails to Address Quell's Commonality Argument**.

Rule 23(a)(2) mandates that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

Plaintiff asserts that his DNCR class meets this standard because there are purported common questions that exist. *See* Opp. at 17 ("whether a telephone number is used for residential purposes are factual questions susceptible to common proof").

But Plaintiff is wrong. Determining whether a phone number is residential is "hotly contested." *See Mattson v. New Penn Fin., LLC*, No. 3:18-CV-00990-YY, 2021 WL

10

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1450 Irvine, CA 92618
troutman@troutmanamin.com

1406875, at *5 (D. Or. Mar. 8, 2021), report and recommendation adopted in part sub nom. ERIK MATTSON, Plaintiff, v. NEW PENN FINANCIAL, LLC, Defendant., No. 3:18-CV-00990-YY, 2021 WL 2888394 (D. Or. July 9, 2021), vacated and remanded sub nom. Mattson v. New Penn Fin., LLC, No. 21-35795, 2023 WL 2624783 (9th Cir. Mar. 23, 2023) (finding whether a cellular number was residential was "fact-intensive" and "hotly contested").[2]

Additionally, determining whether a particular class member validly consented or had an EBR under the TCPA requires examining the specific circumstances surrounding that individual's interaction with Quell (i.e., how consent was obtained). *See Sapan v. Yelp, Inc.*, No. 3:17-CV-03240-JD, 2021 WL 5302908, at *5 (N.D. Cal. Nov. 15, 2021) (holding that individualized inquiries into class members' consent and established business relationships defeated class treatment because those issues depended on each recipient's interactions with the defendant). As a result, there is no method to adjudicate all claims "in one stroke." *Dukes*, 564 U.S. at 350.

Accordingly, Plaintiff's class must be stricken.

## III.    CONCLUSION

Based on the foregoing reasons and those stated in the Motion, Quell respectfully requests that this Court grant its Motion to Strike Class Allegations.

---

[2] *See also Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 658 (W.D. Tenn. 2020) ("The determination about whether any particular wireless subscriber is a residential subscriber is fact-intensive."); *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 131 (N.D. Tex. 2020) (denying class certification where plaintiff failed to establish common proof of residential status noting that finding whether calls were made to a number "is not susceptible to generalized proof. The inquiry is fact intensive.").

11

Dated: July 21, 2026                    TROUTMAN AMIN, LLP

By: */s/ Oliver R. Shapiro*
Eric J. Troutman (*pro hac vice*)
Brittany A. Andres (*pro hac vice*)
Oliver R. Shapiro (*pro hac vice*)

*Attorneys for Defendant Quell Pest Control, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2026, a copy of the foregoing was served by ECF to counsel of record.

*/s/ Oliver R. Shapiro*
Oliver R. Shapiro