2026 WL 2495598
Only the Westlaw citation is currently available.
United States District Court, W.D.
Missouri, Southern Division.

JENNIFER RUSH, Plaintiff,
v.
SELECTQUOTE INSURANCE
SERVICES, INC., Defendant.

Case No.: 6:26-cv-03157-MBB
|
Filed 07/30/2026

**Attorneys and Law Firms**

Anthony Paronich, Pro Hac Vice, Paronich Law, P.C., Hingham, MA, Tylor Whitham, Whitham Law Firm, Leawood, KS, for Plaintiff.

Paul Croker, Madeline L. Mann, Armstrong Teasdale LLP, Kansas City, MO, Bradley J. St. Angelo, Pro Hac Vice, Sessions, Israel & Shartle, Metairie, LA, for Defendant.

**ORDER DISMISSING WITHOUT PREJUDICE**

MEGAN BLAIR BENTON, JUDGE UNITED STATES DISTRICT COURT

***1** This putative class action comes before the Court on Selectquote Insurance Services, Inc.'s (“Defendant”) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (“Motion”). (**Doc. 14**). Defendant argues Plaintiff's class action complaint, brought under 47 U.S.C. § 227(c)(5) of the Telephone Consumer Protection Act (“TCPA”), fails to state a claim because “text messages” are not “telephone calls” under § 227(c)(5). Agreeing with Defendant, the Court GRANTS the Motion and DISMISSES without prejudice.

**Background**

Plaintiff Jennifer Rush filed this putative class action against Defendant Selectquote Insurance Services, Inc. (**Doc. 1**). The complaint's sole count seeks damages under the private right of action authorized by 47 U.S.C. § 227(c)(5) of the TCPA. She alleges Defendant delivered, or caused to be delivered, two *text messages* to her and the other members of the asserted class within a 12-month period. (***Id.*** at pp. 9-11). Plaintiff alleges the text messages contained advertising, marketing, and promotional content for Defendant's insurance products and services. (***Id.*** at p. 6). She alleges her telephone number was registered on the National Do Not Call Registry. [1] (***Id.***). That Defendant knew, or should have known, her telephone number was registered. (***Id.***). And that she did not consent to receiving Defendant's text messages. (***Id.***). Defendant moved to dismiss the complaint. (**Doc. 14**).

**Discussion**

“To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.” ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” ***Id.*** The complaint “does not need detailed factual allegations.” ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 545 (2007). But “[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.” ***Id.*** “[L]abels and conclusions, and a formulaic recitation of a cause of action's elements will not do.” ***Id.***

**I. Plaintiff fails to state a claim because “text messages” are not “telephone calls” under § 227(c)(5).**

Section 227(c)(5) provides a “[p]rivate right of action” to a “person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]” **47 U.S.C. § 227(c)(5)** (emphasis added). The plain and ordinary language of § 227(c)(5) is clear: the private right of action applies only to telephone calls, not text messages. Plaintiff erroneously relies on FCC regulations that purportedly interpret § 227(c)(5) to include text messages. And case law interpreting § 227(b) to include text messages is inapplicable.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

**A. In 1991, when the TCPA was enacted, the plain, ordinary, and commonly understood meaning of the statutory term "telephone calls" in § 227(c)(5) did not include "text messages."**

***2** Plaintiff argues the plain meaning of "call" in § 227(c)(5) includes text messages. (**Doc. 18**, pp. 13-15). She claims that the definition of "call" includes "any attempt to communicate by telephone." (***Id.*** at p. 13). She says text messages are an attempt to communicate by telephone. (***Id.*** at p. 14). Defendant reasons the plain and ordinary meaning of "telephone calls" in § 227(c)(5) simply does not include "text messages." (**Doc. 15**, pp. 7-10).

Courts "interpret statutory terms according to the ordinary meanings they had when they were enacted." ***United States Postal Serv. v. Konan***, 607 U.S. 391, 399 (2026). "In the absence of a statutory definition, statutory terms are given their plain, ordinary, and commonly understood meaning, usually by turning to a commonly used dictionary." ***Christopherson v. Cinema Ent. Corp.***, 161 F.4th 525, 529 (8th Cir. 2025) (cleaned up). "As with any question of statutory interpretation, [the Court's] analysis begins with the plain language of the statute." ***Jimenez v. Quarterman***, 555 U.S. 113, 118 (2009). "It is well established that, when the statutory language is plain, [courts] enforce it according to its terms." ***Id.***

Here, the plain text of § 227(c)(5) states the private right of action applies only to "telephone calls." Congress did not define the term "telephone calls" within the TCPA. In 1991, "a telephone was 'an instrument for reproducing sounds at a distance.' " ***Steidinger v. Blackstone Med. Servs.***, 2026 WL 2028517 at *2 (7th Cir. July 14, 2026), *quoting* **Webster's Ninth New Collegiate Dictionary (1991)**. "[T]he 1990 edition of Webster's Dictionary defined 'call' as 'the act of calling on the telephone,' and defined 'telephone' as 'an instrument for reproducing sounds at a distance.' " ***Richards v. Shein Distrib. Corp.***, 2026 WL 847584, at *2 (S.D. Ind. 2026), *quoting* **Webster's Ninth New Collegiate Dictionary (1990)**. Text messages do not "reproduce[e] sounds at a distance." Text messaging is not an "act of calling on the telephone." The plain and ordinary meaning of telephone calls in § 227(c)(5) does not include text messages.

Plaintiff's policy-based arguments do not apply. *See* ***Hughes v. Canadian Nat'l Ry. Co.***, 105 F.4th 1060, 1068 (8th Cir. 2024) ("Policy considerations and equitable concerns, however, are impermissible bases for statutory interpretation when, as here, the language of the statute is clear and unambiguous." (quotation omitted)). *See also* ***BP P.L.C. v. Mayor and City Council of Baltimore***, 593 U.S. 230, 245 (2021) ("[E]ven the most formidable policy arguments cannot overcome a clear statutory directive." (quotation omitted)). When a statute's plain meaning is clear, courts enforce it according to its terms. ***Jimenez***, 555 U.S. at 118. Courts "are not free to replace it with unenacted legislative intent." ***Carton v. General Motors Acceptance Corp.***, 611 F.3d 451, 458 (8th Cir. 2010), *quoting* ***INS v. Cardoza Fonseca***, 480 U.S. 421, 453 (1987) (Scalia, J., concurring). "If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent." ***Id.***, *quoting* ***Lamie v. United States Tr.***, 540 U.S. 526, 542 (2004).

Plaintiff only alleges the receipt of text messages, not telephone calls. She fails to state a claim under the plain and ordinary language of § 227(c)(5).

**B. FCC regulations that define "telephone calls" to include "text messages" do not bind the Court.**

***3** Plaintiff contends the Court should give deference to the FCC's interpretation of § 227(c). (**Doc. 18**, pp. 28-32). Plaintiff says the FCC has provided: "No person or entity shall initiate any telephone solicitation to ... a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." **47 C.F.R. § 64.1200(c)(2)**; (**Doc. 18**, p. 11). The FCC has further provided that § 64.1200(c)(2) applies "to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02–278[.]" **47 C.F.R. § 64.1200(e)**; (**Doc. 18**, p. 11). It has defined "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" **47 C.F.R. § 64.1200(f)(13)**.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

Plaintiff cites these regulations, and other FCC proclamations, to support her position text messages are actionable under § 227(c)(5). (**Doc. 18**, pp. 28-29). She says the FCC needed to "fill up the details" under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). (***Id.***). And she says Congress expressly delegated authority to the FCC in § 227(c)(5). (***Id.***). In response, Defendant says the FCC exceeded its authority by attempting to expand the definition of "telephone call" in § 227(c)(5) to "telephone solicitation." (**Doc. 23**, pp. 6-7).

In *Loper Bright*, 603 U.S. at 377-78, 412-13, the Supreme Court overruled the *Chevron* doctrine, which required courts, in certain circumstances, "to defer to 'permissible' agency interpretations of the statutes those agencies administer." The Supreme Court made clear that courts, having the "tools" necessary to interpret ambiguous statutes, must exercise their legal judgment independent of the agency. ***Id.*** at 401. Though, the agency's interpretation may "help inform that inquiry." ***Id.*** at 412-13. The "default rule" is that "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." ***McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.***, 606 U.S. 146, 155 (2025). "In civil enforcement proceedings under the Telephone Consumer Protection Act," district courts are not "bound by the Federal Communication Commission's interpretation of the [TCPA.]" ***Id.*** at 149.

Even assuming Plaintiff is correct that the FCC has defined "telephone calls" in § 227(c)(5) to include "text messages," Plaintiff's reliance on FCC regulations is misplaced. *See* ***Steidinger***, 2026 WL 2028517, at *4 ("the FCC has interpreted 'call' to include text messages, though it has not engaged in rulemaking to define the term for the purpose of § 227(c)(5)."). This Court is not bound by the FCC's interpretation of § 227(c)(5). *See* ***id.*** ("[W]e aren't bound by the FCC's interpretation."), *citing* ***McLaughlin Chiropractic***, 606 U.S. at 168.

As discussed, the plain and ordinary meaning of § 227(c)(5) is clear: "text messages" are not "telephone calls." Only Congress can expand the breadth of § 227(c)(5). Plaintiff is incorrect that the FCC is merely "filling up the details" in § 227(c)(5). True, Congress did expressly delegate some authority to the FCC in § 227(c)(5). *See* **47 U.S.C. § 227(c)(5)** ("in violation of the regulations prescribed under this subsection[.]"). But it did not delegate authority to the FCC to define the scope of § 227(c)(5)'s private right of action. *See* **47 U.S.C. § 227(c)(5)** (a "[p]rivate right of action" is granted to a "person who has received more than one telephone call within any 12-month period[.]"). *See also* ***Steidinger***, 2026 WL 2028517, at *5 (rejecting the same argument Plaintiff presents here). Even if it did, that delegation must be constitutional. *See* ***Loper Bright***, 603 U.S. at 394-96 (holding that while Congress may delegate discretionary authority to an agency, that delegation is subject to constitutional limits and boundaries). The Court does not reach the constitutional question because Congress did not expressly delegate authority to the FCC in § 227(c)(5) to define "telephone calls." The Court is not bound by FCC regulations. *See* ***McLaughlin Chiropractic***, 606 U.S. at 149.

### C. Neither Supreme Court precedent, nor § 227(b)'s text, require the conclusion that "text messages" are "telephone calls" under § 227(c).

***4** Plaintiff argues "text messages" are "calls" under § 227(c) because § 227(b) uses the word "call" too and courts have interpreted § 227(b) to include text messages. (**Doc. 18**, p. 15). She cites to several cases that she says held "text messages" are "calls" under § 227(b) of the TCPA. *See e.g.*, ***Campbell-Ewald Co. v. Gomez***, 577 U.S. 153 (2016); ***Satterfield v. Simon & Schuster, Inc.***, 569 F.3d 946 (9th Cir. 2009); ***Howard v. Republican National Committee***, 164 F.4th 1119 (9th Cir. 2026); ***Warciak v. Subway Restaurants, Inc.***, 949 F.3d 354 (7th Cir. 2020). (**Doc. 18**, pp. 13, 15-17, 25-27). As to the text of § 227(b), she says, "[m]ost notably," § 227(b)(1)(A)(iii) prohibits calls to a "paging service" or "device" that "would have displayed an incoming message as written text—usually displaying a phone number to call." (***Id.*** at pp. 8, 16). Section 227(b)

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

(1)(A)(iii) provides: "[i]t shall be unlawful for any person ... to make any call ... using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service [or] cellular telephone service[.]"

In *Campbell-Ewald*, 577 U.S. at 156, the Supreme Court stated: "[a] text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." The quote is frequently invoked by courts and litigants to support the position that "text messages" are "calls" throughout the TCPA. However, the Supreme Court did not mandate that broad of an application. "*Campbell-Ewald* didn't resolve whether a text message is a call." ***Steidinger***, 2026 WL 2028517, at *4. *See* ***Campbell-Ewald***, 577 U.S. at 156 (the question was "undisputed"). And the Supreme Court "subsequently indicated that [the *Campbell-Ewald* quote] was not a substantive decision on the meaning of 'call.' " ***Steidinger***, 2026 WL 2028517, at *3, *citing* ***Facebook, Inc. v. Duguid***, 592 U.S. 395, 400 n.2 (2021) (assuming text messages are calls under § 227(b)(1)(A) "without considering or resolving [the] issue"). Other cases cited by Plaintiff are unpersuasive because they relied on *Chevron* deference, being decided before *Loper Bright* and *McLaughlin Chiropractic*. *See* ***Satterfield***, 569 F.3d at 952-54 (applying *Chevron* deference to reach its conclusion); ***Campbell-Ewald***, 577 U.S. at 156 (relying on an opinion that cited to *Satterfield*).

The Court also agrees with the reasoning of the Seventh Circuit, the only circuit to specifically address § 227(c)(5). The Seventh Circuit recognized "§ 227(b) and § 227(c)(5) contain different language" and concluded "[s]ubsection (b) prohibits a wide[r] range of conduct" than subsection (c). ***Steidinger***, 2026 WL 2028517, at *5. And "subsection (b)'s corresponding private right of action is broadly framed" compared to § 227(c)(5). ***Id.*** It is not necessary to delve into all the nuances of § 227(b)'s many subsections. *See* **47 U.S.C. § 227(b)**. But, the Court notes § 227(c)(5) does not have the paging service language relied on by Plaintiff. And Plaintiff isolates the word "call" in § 227(c)(5), disregarding that § 227(c)(5) says "telephone call" and § 227(b)(1)(A) says "any call." *See* **47 U.S.C. § 227(b)-(c)**. The "difference in language [ ] both explains and supports [the Court's] conclusion that § 227(c)(5) does not apply to text messages." ***Steidinger***, 2026 WL 2028517, at *5.

**Conclusion**

Defendant is correct that Plaintiff has failed to state a claim because "text messages" are not "telephone calls" under § 227(c)(5). The Court GRANTS Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Class Action Complaint. (**Doc. 14**). The Court DISMISSES the action without prejudice.

**IT IS SO ORDERED.**

**All Citations**

--- F.Supp.3d ----, 2026 WL 2495598

## Footnotes

1 Defendant also argues for dismissal because Plaintiff herself did not register the telephone number on the National Do Not Call Registry; a previous user of her telephone number registered it. (***Id.*** at pp. 5, 10-11). The Court does not reach this argument.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.